|  |  |
|---|---|
| Emery Sunday, | No. CV 08-75 TUC CKJ (JM) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Michael J. Astrue, Commissioner of the Social Security Administration, | |
| Defendant. | |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Pending before the court is Defendant's Motion to Dismiss [Docket No. 10]. Plaintiff has not responded. For the reasons explained below, the Magistrate Judge recommends that the motion be granted and the case dismissed.

**I.    RELEVANT BACKGROUND**

On October 23, 2006, an Administrative Law Judge ("ALJ") issued a hearing decision denying Plaintiff's claim for supplemental security income and disability insurance benefits under Titles II and XVI of the Social Security Act ("the Act"), and mailed a copy of the decision to Plaintiff. *Declaration of Dennis Ford* ("*Ford Decl.*")*, p. 3; Exhibit 1.*[1] Plaintiff filed a request for review of the decision. *Ford Decl., p. 3*. On October 24, 2007, the Appeals Council sent notice to Plaintiff, and a copy to his representative, stating that the

---

[1] The referenced exhibits are attached to the Declaration of Dennis Ford which is attached to Defendant's Motion to Dismiss.

1 Appeals Council had denied his request for review. *Ford Decl., p. 3; Exhibit 2.* The appeals
2 Council notice informed Plaintiff and his representative that he had sixty (60) days from the
3 date of receipt to commence a civil action in federal district court. *Ford Decl., p. 3; Exhibit*
4 *2.* By letter dated December 28, 2007, Plaintiff, through his representative, requested an
5 extension of time within which to file a civil action. *Ford Decl., p. 3, Exhibit 3.* The
6 Appeals Council denied Plaintiff's request by letter dated January 9, 2008. *Ford Decl., p.*
7 *3; Exhibit 4.* On January 27, 2008, Plaintiff filed a complaint for judicial review of the ALJ's
8 decision denying his applications. *Complaint* [Docket No. 1].

## II.  DISCUSSION

The Act provides :

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

42 U.S.C. § 405(g). *See also Banta v.Sullivan*, 925 F.2d 343, 344 (9th Cir. 1991) (quoting and applying section 405(g)). The 60-day limitation is treated as a statute of limitations subject to equitable tolling. *Bowen v. City of New York*, 476 U.S. 467, 480 (1986); *Banta*, 925 F.2d 346.

The complaint in this case was filed well outside the 60-day period provided by section 405(g). The Appeals Council's letter denying review was dated October 24, 2007. The complaint was filed more than 90 days later, on January 27, 2008, and is therefore untimely. Plaintiff has not alleged otherwise and has not offered any basis for an extension of the filing deadline based on equitable tolling. Accordingly, the Magistrate Judge recommends the that the motion to dismiss be granted.

## V.  RECOMMENDATION FOR DISPOSITION BY THE DISTRICT JUDGE

Based on the foregoing and pursuant to 28 U.S.C. § 636(b) and Rule 72.1 1.17(d)(2), of the Local Rules – Civil of the United States District Court, District of Arizona, the Magistrate Judge recommends that the District Court, after an independent review of the record, Dismiss [Doc. No. 10].

1  This Recommendation is not an order that is immediately appealable to the Ninth
2 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
3 Appellate Procedure, should not be filed until entry of the District Court's judgment.
4  However, the parties shall have ten (10) days from the date of service of a copy of this
5 recommendation within which to file specific written objections with the District Court. *See*
6 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure.
7 Thereafter, the parties have ten (10) days within which to file a response to the objections.
8 If any objections are filed, this action should be designated case number: **CV 08-75-TUC-**
9 **CKJ**. Failure to timely file objections to any factual or legal determination of the Magistrate
10 Judge may be considered a waiver of a party's right to *de novo* consideration of the issues.
11 *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).
12  DATED this 9th day of February, 2009.

Jacqueline Marshall
United States Magistrate Judge